**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WHITNEY THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-CV-000863 HEA |
| | ) |
| LAURA HAWK STOBIE, | ) |
| | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Whitney Thompson's application to proceed in the district court without prepaying fees or costs. [ECF No. 2]. Upon consideration of the financial information provided with the application, the Court will grant the motion and waive the filing fee. In addition, the Court will dismiss the complaint without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that complaints filed by self-represented litigants may be conclusory. Even self-represented litigants are required to allege facts in the complaint which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against defendant Laura Hawk Stobie, who she describes as an attorney and guardian ad litem. All parties appear to be Missouri citizens. Plaintiff alleges her constitutional rights were violated "within the family court system, specifically the 21st Judicial Circuit Court" due to defendant Stobie's "poor conduct." Plaintiff asserts she was "unlawfully denied of [her] parental rights" and can no longer "provide care, custody, and control of [her] offspring."

For relief, plaintiff asks for defendant to be "federally indicted for her crimes," "[a]n award of judgment in [her] favor," "[g]eneral and special damages," and to be reimbursed for the costs of bringing this action. *Id.*

Plaintiff attaches a 51-page document, which is a copy of a complaint that five individuals, not including the plaintiff here, filed against the same defendant in this Court on January 14, 2024. *See Dean, et al. v. Stobie*, Case No. 4:24-cv-74-MTS (E.D. Mo.). She additionally attaches a copy of a 136-page document filed in *Dean, et al. v. Stobie*, Case No. 4:24-cv-74-MTS (E.D. Mo.), which was filed in that case as Docket No. 28.

## Discussion

This case will be dismissed due to lack of jurisdiction "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*.

In the case at bar, plaintiff is asking this Court to determine that defendant Stobie committed wrongdoing in connection with state child custody proceedings. This Court cannot change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state courts to answer). Because the domestic relations exception divests this Court of jurisdiction, this case will be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

Furthermore, plaintiff asks for defendant to be "federally indicted for her crimes." This Court lacks jurisdiction to compel investigation and prosecution of alleged criminal violations. *See, e.g.*, *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 379-82 (2d Cir.

1973). Thus, to the extent that plaintiff seeks criminal charges against defendant, her complaint fails to state a claim upon which relief may be granted.

Additionally, plaintiff's allegations against defendant Stobie are merely the "unadorned, the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has held are unacceptable. *Iqbal*, 556 U.S. at 678. Plaintiff merely states defendant's "bad conduct" violated her constitutional rights. Although self-represented complaints are construed liberally, they still must allege facts in support of the claims advanced, *Martin*, 623 F.2d at 1286, and this Court will not assume facts not alleged. *Stone*, 364 F.3d at 914-15. The complaint is subject to dismissal on this basis, as well.

Finally, plaintiff sues defendant Stobie in her capacity as a guardian ad litem. Guardians ad litem are entitled to absolute immunity. *See Dornheim v.* Sholes, 430 F.3d 919, 925 (8th Cir. 2005) (citing *McCuen v. Polk Cty., Iowa*, 893 F.2d 172, 174 (8th Cir. 1990) (holding that a guardian ad litem's absolute immunity extends to her duties of preparing reports and making recommendations to family court)).

For these reasons, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e) because it is legally frivolous or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered herewith.

Dated this 28th   day of June, 2024.

                                              HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE